IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 96-60355

Summary Calendar

---

CHARLES A. GRAYER                              Plaintiff-Appellant,

versus

ANN L. LEE; JOAN ROSS; PATTY LEGG;
LARRY HARDY; LT. DAWSON                        Defendant-Appellee.

---

Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 96-CV-143-D-B

---

September 18, 1996

Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Charles A. Grayer, prisoner # 41489, is serving a life sentence in the Mississippi prison system under a judgment not challenged here. Grayer commenced this action, *pro se* and *in forma pauperis*, against certain officials in the Mississippi prison system under 42 U.S.C. § 1983, seeking monetary, declaratory and injunctive relief. He challenges the constitutionality of a

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

disciplinary hearing and subsequent classification hearing that resulted in his assignment to "close confinement" within the prison system.

Grayer's complaint states that he appeared before a disciplinary committee, of which Defendant Legg was chairperson, in July, 1995. The disciplinary committee recommended a change in Grayer's status in the prison system to "close confinement." The committee based its decision on an alleged rule violation by Grayer (constructing a "dummy" from two pillows and a T-shirt and hiding it under his bed). Subsequently, Grayer was placed in close confinement status by a confinement committee, of which Defendant Legg was a member. Grayer challenges this action of the confinement committee here.

Grayer argues that the change in his status was improper because he did not receive an adequate hearing from the disciplinary committee or from the confinement committee. He argues that the disciplinary committee's decision was unfair because some of the evidence that he requested was not presented. He further contends that his change in status was contrary to a Mississippi Department of Corrections regulation that requires an "impartial classification committee" because one of the people who served at his disciplinary hearing also served on the classification committee.

The district court dismissed Grayer's complaint on its own motion for failure to state a claim for which relief could be

2

granted.  See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 12(b)(6); 42 U.S.C. § 1997e(c)(1).  We review the dismissal for abuse of discretion.  Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993).  In reviewing the district court's opinion, we note briefly that Congress has recently changed the standard district courts use to decide whether to dismiss such complaints.

Prior case law in this circuit held that an *in forma pauperis* complaint should not be dismissed as frivolous under § 1915(d) on the grounds that it fails to state a claim.  Pugh v. Parish of St. Tammany, 875 F.2d 436, 438-39 (5th Cir. 1989) (a complaint filed *in forma pauperis* is not automatically frivolous within the meaning of § 1915(d) because it fails to state a claim, since this standard fails to differentiate between outlandish legal theories and those that are close but ultimately unavailing), citing Neitzke v. Williams, 109 S.Ct. 1827, 1830-31 (1989).  Dismissal of such complaints was deemed proper only if the complaint had no basis in law or fact.  Id.  However, recent amendments to 42 U.S.C. § 1997e require a district court to dismiss prisoner § 1983 suits if the court determines that the action does not state a claim for relief. See Prison Litigation Reform Act of 1995, Pub. L. No. 104-134 [§ 101(a)] [§ 803(d)], 110 Stat. 1321 (1996).  This act became effective on April 26, 1996, four days before the district court dismissed Grayer's complaint.  However, we need not consider here which law applies to Grayer's complaint, because it must be

3

dismissed regardless of which law is applied.  Even after applying a liberal construction to his complaint, Haines v. Kerner, 404 U.S. 519 (1972), Grayer is not entitled to relief because his challenge to the disciplinary and confinement committee proceedings lacks an arguable legal basis.  It is thus "frivolous" for the purposes of § 1915(d) and may be dismissed regardless of whether the new provisions of § 1997e apply.

A prisoner's liberty interest is "generally limited to freedom from restraints which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 115 S.Ct. 2293, 2295 (1995).  The change in Grayer's confinement status cannot be said to impose a more atypical or significant hardship than that involved in Sandin.  In that case, an inmate was released from his single-man cell only for one 50-minute period each day, during which he remained isolated from other inmates and constrained by leg irons and waist chains.  Id. at 2305 (Breyer, J., dissenting). The Supreme Court found no constitutional violation.  Id. at 2295. Nothing in the record suggests that Grayer's "close confinement" exceeds the restrictions approved in Sandin.  Grayer's allegations of transfer to "close confinement" thus fail to allege a constitutional violation.  See Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir.) ("An inmate has neither a protectable property nor

4

liberty interest in his custody classification . . . ."), <u>cert. denied</u>, 488 U.S. 985 (1988).  Furthermore, unlike the Third Circuit case cited in Grayer's brief, no request for additional evidence was made by either the disciplinary committee or Grayer during his administrative hearing.  <u>See</u> <u>Woods v. Marks</u>, 742 F.2d 770, 771 (3rd Cir. 1984) (remanding on fact question of whether state officials denied prisoner's due process by refusing to permit him to call witnesses at disciplinary hearing).  Grayer's claim that he was denied due process has no basis in law.

Finally, Grayer does not challenge the district court's dismissal of his claim concerning the administrative remedy procedure; accordingly, this court will not consider the issue. <u>Brinkman v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

The dismissal of Grayer's complaint is AFFIRMED.